EDWARD W. LYNCH, ADMINISTRATOR, vs. ELIZABETH
BUCHANAN, ADMINISTRATRIX.

Third Judicial District, New Haven, January Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In an action to recover the proceeds of life insurance policies paid by
the insurer to the defendant, there was conflicting evidence from
which the jury might reasonably have found that the policies on
the life of the defendant's intestate were taken out by the plain-
tiff's intestate, who paid all the premiums, and that the policies
and all proceeds therefrom belonged to the plaintiff's intestate,
and at her death to her estate, subject to the duty of paying the
reasonable funeral expenses of the defendant's intestate. *Held*
that it was not error for the trial court to refuse to set aside a
verdict for the plaintiff.

Argued January 25th—decided February 21st, 1921.

ACTION to recover moneys received by the defendant
upon policies of insurance issued upon the life of the
defendant's intestate, under an alleged oral agreement
with the plaintiff's intestate, who paid all the premiums,
that the proceeds of such policies, less funeral expenses,
should belong to her, brought to the Court of Common
Pleas in New Haven County and tried to the jury
before *Wolfe, J.;* verdict and judgment for the plain-
tiff for $527, and appeal by the defendant. *No error.*

*Walter J. Walsh*, with whom was *David M. Reilly*,
for the appellant (defendant).

*Frank S. Bishop*, with whom, on the brief, was
*Edward W. Lynch*, for the appellee (plaintiff).

PER CURIAM. Under the pleadings and the charge
of the court, which was correct and adequate, as the
issues developed on the trial, the jury must have found,

in order to render its verdict, that the four policies of insurance on the life of Mary T. Creedon were taken out by Abbie Lyons and all premiums paid by her, and that the policies and all proceeds therefrom belonged to her and at her death to her estate, subject to the duty on her part and on the part of her estate to pay the reasonable funeral expenses of Mary T. Creedon.

The defendant's principal claim of error is that the court erred in not granting her motion to set aside the verdict and grant a new trial. Under the conflicting evidence the jury could have reasonably rendered the verdict given.

The claimed errors as to the charge are not of such general interest as to justify discussion.

There is no error.